**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-2312**

DAVID C. DRUMMOND,

            Plaintiff - Appellant,

       v.

SEAN J. STACKLEY, Acting Secretary of the Navy,

            Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Louise W. Flanagan, District Judge.  (4:15-cv-00110-FL)

Submitted:  April 24, 2017                            Decided:  April 28, 2017

Before WILKINSON, DUNCAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David C. Drummond, Appellant Pro Se.  Matthew Fesak, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David C. Drummond appeals the district court's grant of summary judgment to the Secretary of the U.S. Department of the Navy on his claims of race and sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (2012). For the reasons below, we affirm.

Drummond, an African American male, applied for a promotion within the Navy. The vacancy announcement generally described the position, but did not state that it required experience with information technology or contract awards. The selecting official developed selection criteria separate from the announcement and used these criteria to create score sheets. Two supervisors then used the score sheets to score applicants' resumes. Based on the average score for each applicant's resume, the supervisors ranked the applicants. After the top three applicants declined the position, the Government selected the fourth-ranked applicant, a white female.

Drummond ranked 11th out of 14. He scored lower than the selectee in the following categories: experience with information technology, ability to validate production requirements, and ability to pursue contract awards.

Based on his nonselection, Drummond sued for race and sex discrimination and retaliation. The district court dismissed the retaliation claim and granted summary judgment to the Secretary of the Navy on the discrimination claims. Drummond appeals the grant of summary judgment.

We review a district court's award of summary judgment de novo, viewing the facts and inferences reasonably drawn from those facts in the light most favorable to the

2

nonmovant. *Core Commc'ns, Inc. v. Verizon Md. LLC*, 744 F.3d 310, 320 (4th Cir. 2014). Summary judgment may only be awarded when no genuine dispute of material fact remains and the record shows that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

Title VII prohibits employers from discriminating against individuals based on sex or race. *See* 42 U.S.C. § 2000e-2(a)(1). Where, as here, a plaintiff lacks sufficient direct or circumstantial evidence of discrimination, *see Warch v. Ohio Cas. Ins. Co.*, 435 F.3d 510, 520 (4th Cir. 2006), the plaintiff may avert summary judgment by satisfying the burden-shifting framework from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 318 (4th Cir. 2005).

Under that framework, Drummond first had to make a prima facie showing of discrimination, which the Government rebutted by articulating a legitimate, nondiscriminatory reason for its action—it hired the selectee over Drummond because it believed she was more qualified for the position than Drummond was. *See Laing v. Fed. Exp. Corp.*, 703 F.3d 713, 719, 721 (4th Cir. 2013). The burden therefore shifted back to Drummond to show that the Government's reason was a pretext for discrimination. *See id.* at 719. A plaintiff proves pretext by showing "both that the reason was false, and that discrimination was the real reason for the challenged conduct." *DeJarnette v. Corning Inc.*, 133 F.3d 293, 298 (4th Cir. 1998). The district court ruled that Drummond failed to establish pretext, a ruling Drummond challenges on appeal.

First, Drummond argues that the Government proffered a false reason for hiring the selectee because it could not have believed that the selectee was more qualified than

3

he was. But "[i]t is the perception of the decision maker which is relevant, not the self-assessment of the plaintiff." *Id.* at 299 (internal quotation marks omitted). Drummond has offered no evidence undermining the decision makers' perception of the selectee as compared to Drummond.

Second, Drummond has not shown that discrimination was the real reason the Government hired the selectee. Drummond relies on opinions of his coworkers, but that evidence "is close to irrelevant." *Id.* (internal quotation marks omitted). Drummond's reliance on statistical evidence fares no better because the statistics do not imply discrimination. Finally, Drummond argues that the Government used selection criteria omitted from the vacancy announcement that advantaged the selectee. The record, however, does not suggest that this criteria had any use or purpose to discriminate between applicants on the basis of race or sex. Thus, the district court did not err in granting summary judgment to the Secretary.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*